[Civ. No. 1617.   Second Appellate District.—March 1, 1915.]

C. P. THOMAS, Respondent, v. F. L. BORUFF, Appellant.

ACTION FOR SERVICES—SURGICAL OPERATION—LIABILITY OF THIRD PARTY FOR—SUFFICIENCY OF EVIDENCE.—In this action to recover the reasonable value of services rendered in the performance of a surgical operation upon the brother-in-law of the defendant, it is held that the evidence was sufficient to support the finding of the trial court that before the performance of the operation the defendant made an original promise to pay the expense thereof and that the plaintiff and his associates relied upon such promise in performing the services.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lewis R. Works, Judge.

The facts are stated in the opinion of the court.

Trippet, Chapman & Biby, for Appellant.

Hindman & Yakey, for Respondent.

SHAW, J.—Plaintiff, a physician and surgeon, sues in his own behalf and as assignee of H. E. Southworth, also a physician and surgeon, to recover for services rendered in performing, at the special instance and request of defendant, a surgical operation upon Henry Caystile, brother in law of defendant.

Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

The appeal may be disposed of by a consideration of the evidence in support of the finding, "that on or about the 7th day of April, 1913, the plaintiff herein, C. P. Thomas, and the said H. E. Southworth, at the special instance and request of the defendant herein, F. L. Boruff, performed professional services for one Henry Caystile, which said services were and are of the reasonable value of $500, which the defendant herein undertook, promised and agreed to pay for."

The evidence tends to prove that while Dr. Southworth had theretofore treated Mr. Caystile, he was not under employ-

ment by him at the time the operation was performed; that defendant asked him to perform it, and the defendant, upon being told by Southworth that the latter had spoken to Dr. Thomas regarding the matter, personally requested him to perform the operation, and said: "I want you to give him all the service that is possible, every attention, and I will foot the bills." On the morning when the operation was performed, in conversation with both plaintiff and Southworth, defendant said to the former: "I suppose you have called me in here for the purpose of having me say that I will pay for these services"; and plaintiff said: "Well, if those are the facts, Mr. Boruff, that is all right." "Well," said defendant, "you boys go ahead and fix him up the best you can and I will pay the bill." Upon plaintiff telling defendant that the operation was necessarily attended with great danger and uncertainty, he replied: "Go ahead and do the best you can for him." Another witness testified that Mr. Boruff said to plaintiff to do the best he could for the man, and he (defendant) would pay the bill. Not only does this testimony strongly tend to establish an original promise on the part of defendant to pay for the services, both of plaintiff and that of his assignor, but the testimony of defendant himself is corroborative of this view. His testimony is that, upon Dr. Southworth requesting him to "stand for the expense," he said: "Yes, I will stand for the bill if you will allow me to select the man to operate"; to which Dr. Southworth replied: "Well, I have selected a man and Henry wants me." "I know he does," said defendant, "he prefers to have you, but I will not pay the bills on your account"; to which Dr. Southworth said: "I have secured Thomas; he is a good man," in answer to which defendant replied: "Go ahead, if he wants you; go ahead." This evidence might very properly be construed as a waiver of defendant's wish to name the operator as a condition of paying the bill.

Since the finding complained of is supported by the evidence adduced on behalf of plaintiff, it follows that there was no error in the ruling of the court in denying defendant's motion for a nonsuit. Conceding that even if defendant had not promised to pay the bill, plaintiff and his assignor might nevertheless have rendered the service, it is sufficiently clear, we think, that before performing the operation defendant

made an original promise to pay the expense and that plaintiff and Southworth relied upon such promise.

The judgment and order are affirmed.

Conrey, P. J., and James J., concurred.